```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

GREG SCHER,                              )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )   No. 4:04CV448-DJS
                                         )
THOMAS BROWN, CITY OF ST. PETERS,        )
ST. PETERS CHIEF OF POLICE,              )
BRUCE HAYES, ST. PETERS                  )
POLICE DEPARTMENT, PEGGY BROWN,          )
TIM BROWN, MIKE HELM and                 )
JOHN AND JANE DOES 1-25,                 )
                                         )
                Defendants.              )

## ORDER

Plaintiff Greg Scher brought this §1983 action against defendants. On April 29, 2005, the Court dismissed this action on defendants' motion for plaintiff's failure to comply with the Court's orders. Now before the Court is defendants' motion for bill of costs, submitted pursuant to 28 U.S.C. §1920, in which defendants seek a total of $3032.95. Plaintiff has not filed any opposition to defendants' motion. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

The Court will allow defendants' claim of $150.00 for fees of the Clerk, and will tax this cost pursuant to §1920(1). Defendants also seek $528.81 pursuant to §1920(4), which authorizes taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The figure represents

the cost associated with photocopies made by defense counsel's law office.  Neither a per-page cost nor a total number of copies is disclosed.  No explanation of the nature of the papers copied is provided.  The Court will disallow this item because defendants have not supplied sufficient information to allow a determination whether the amount sought is reasonable and is otherwise taxable.[1]  For all these reasons, this item of cost will be disallowed.

Defendant seeks $2,160.29 in reimbursement for legal research expenses.  This Court has previously rejected claims for taxation of computer-aided research costs under §1920.  Defendant cites no Eighth Circuit authority in support of this item of cost.  To the contrary, see Standley v. Chilhowee R-IV School District, 5 F.3d 319, 325 n.7 (8th Cir. 1993), and Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983); see also McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990).  This item of costs will be disallowed.  Finally, defendants seek $193.85 for miscellaneous expenses such as travel costs and postage.  As with the legal research fees, these are expenses which are not enumerated in §1920 and are therefore not taxable, absent other authority.  See 10 Wright, Miller & Kane, Federal Practice

---

[1] Furthermore, the plain language of §1920(4) may restrict taxation to costs incurred for the copying of *papers obtained by counsel* (such as documents produced by another party for inspection and copying, or documents obtained from a third party, such as medical records), as opposed to papers *generated by counsel* (such as routine copies of pleadings and discovery responses for purposes of filing, service or the maintenance of counsel's own file).  See, e.g., McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990).

2

<u>and Procedure: Civil 2d</u> §2677, pp. 370-373 (1983). The miscellaneous expenses claimed will be disallowed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for bill of costs [Doc. #49] is granted in part. Defendants are awarded costs against plaintiff in the amount of $150.00, which shall be deemed included in the judgment. In all other respects, the motion is denied.

Dated this ___13th___ day of July, 2005.

<pre>                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE</pre>